UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER E. TALAVERA, an individual formerly doing business as TURNKEY WEB TOOLS, and TURNKEY WEB TOOLS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL PAYMENTS, INC., a Georgia corporation; ACTIVE NETWORK, LLC, a Delaware limited liability company; HEARTLAND PAYMENT SYSTEMS, LLC, a Delaware limited liability company; and DOES 1 through 229, inclusive,<br><br>Defendants. | Case No.: 21-CV-1585 TWR (AGS)<br><br>**ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE SCHOPLER'S ORDER DISCHARGING ORDERS TO SHOW CAUSE**<br><br>(ECF No. 47) |

Presently before the Court is Defendants' Objection, (ECF No. 47, "Obj."), to the Honorable Andrew G. Schopler's Order, (ECF No. 44, "June 14 Order"), discharging two Orders for Plaintiff to Show Cause, (ECF Nos. 35, "May 17 OSC"; 37, "May 26 OSC"). Having carefully considered Defendants' arguments, the relevant law, and the record, the Court **OVERRULES** Defendants' Objection.

/ / /

## BACKGROUND

Plaintiffs Christopher E. Talavera and Turnkey Web Tools, Inc. initiated this action on September 8, 2021. (ECF No. 1.) On November 9, 2021, Plaintiffs filed the operative First Amended Complaint against Defendants Global Payments, Inc.; Active Network, LLC; Heartland Payment Systems, LLC; and Does 1 through 229. (ECF No. 16.) Initially, Stephen L. Anderson served as counsel for Plaintiffs and Meghan C. Murphey and Matthew D. Murphey served as counsel for Defendants. (*See generally* Docket).

In May 2022, a discovery dispute arose between the Parties, and the Court received copies of a series of emails between counsel and a recording of a voicemail left by Plaintiffs' counsel on Defense counsel's phone. (*See* May 17 OSC.) On May 17, 2022, the Court issued the May 17 Order to Show Cause, requiring Mr. Anderson to show cause by May 25, 2022, why he should not be sanctioned for violating Civil Local Rule 2.1(a)(3). (*See* May 17 OSC); *see also* S.D. Cal. Civ. R. 2.1(a)(3) (outlining the duties owed to lawyers, parties, and witnesses). The May 17 Order to Show Cause required that "[a]ny motions arising from the parties' discovery disputes or behavior must be filed by May 31, 2022," and set a corresponding Motion Hearing for June 28, 2022. (*See* May 17 OSC.) The Court also ordered counsel to communicate with one another only in writing. (*See id.*)

Defense counsel did not file a motion, (*see generally* Docket), instead submitting a memorandum in response to the May 17 Order to Show Cause issued to opposing counsel. (ECF No. 36, "Defs.' Mem.")[1] Defendants' Memorandum also included copies of the emails and a transcription of the voicemail previously sent to the Court. (*See id.*; ECF No. 36-2, "Emails".) The emails indicate that Mr. Anderson contracted Covid in early May and as a result could not timely respond to Defendants' discovery request. (Emails at 59 (sent May 9, 2022, at 10:33 am); *see also id.* at 62, 66, 72, 78, 82–83 (copies of same).) Mr. Anderson therefore asked Mr. Murphey for a 10-day extension, (*id.*), but Mr. Murphey

---

[1] To avoid ambiguity, citations to Defendants' filings refer to the CM/ECF pagination electronically stamped at the top of each page.

declined and indicated that he would contact Judge Schopler to compel production of the discovery documents, if necessary, (*id.* at 58–59 (sent May 9, 2022, at 11:31 am)). Mr. Anderson then replied, "Don't be such an ass.  I have Covid." (*Id.* at 58 (sent May 9, 2022, at 11:39 am).)  Mr. Murphey responded indicating that he intended to "put all of [Mr. Anderson's] communications with [him] before the Court" and seek sanctions, (*id.* (sent May 9, 2022, at 12:30 pm)), to which Mr. Anderson replied, "Grow up old man," (*id.* (sent May 9, 2022, at 1:09 pm)).

On May 16, 2022, Mr. Murphey, copying Mr. Anderson, emailed the Court describing Mr. Anderson's statements and requesting permission to file a Motion to Compel and a Motion for Sanctions.  (*Id.* at 67–68 (sent May 16, 2022, at 9:53 am); *see also id.* at 73–74, 79–80 (copies of same).)  Mr. Anderson responded informing the Court that he was still suffering from Covid and had sent Mr. Murphey a copy of his positive Covid test results.  (*Id.* at 65–66 (sent May 16, 2022, at 1:22 pm); *see also id.* at 71, 77 (copies of same).)  Mr. Anderson also asked that the Court allow him additional time to comply with Defendants' discovery request "in view of [his] present fragile mental condition." (*Id.*)  In response, Mr. Murphey told the Court, "Mr. Anderson did not send me a 'positive Covid test' as he claims . . . but we see his [Covid claims] as simply a continuation of his stalling tactics and refusal to cooperate in the discovery process." (*Id.* at 65 (sent May 16, 2022, at 2:34 pm); *see also id.* at 70, 76 (copies of same).  *But see* ECF No. 41 ("Anderson Resp.") at 12 (demonstrating that Mr. Anderson had emailed Mr. Murphey a copy of his positive Covid test results).)

In response, Mr. Anderson emailed Mr. Murphey individually saying, "Matt.  You are a creep and a liar.  I would never wish covid on anyone, but you," (Emails at 62 (sent May 16, 2022, at 3:58 pm); *see also id.* at 82 (copy of same)), and sending a frowning emoji and crying emoji shortly thereafter, (*id.* at 70 (sent May 16, 2022, at 3:59 pm); *see also id.* at 76 (copy of same)).  Mr. Murphey then forwarded these emails to the Court, prompting another individual response from Mr. Anderson, which was again forwarded to the Court.  (*See generally* Emails.)  This process continued, during which Mr. Anderson

3

sent Mr. Murphey several more emails saying: "You didn't include the covid test result liar." (*id.* at 70 (sent May 16, 2022, at 4:18 pm)); "Why are you such a disgraceful jerk?" (*id.* at 76 (sent May 16, 2022, at 4:20 pm)); and "Matt. Calm down and act reasonably. You are exacerbating the issue without cause. I hope you are sanctioned or that karma gets you. You deserve to hurt." (*id.* at 82 (sent May 16, 2022, at 4:44 pm)).

Defendants' Memorandum also included a purported transcription of the voicemail Mr. Anderson left for Mr. Murphey that same day:

> Mr. Murphey this is Stephen Anderson. If you continue to threaten and harass my personal health and safety, then consider that yours may be in jeopardy soon enough. That's all I have to say to you except perhaps that you act like a grown-up and sit on it for a couple of days rather than keep exacerbating the problem in your mind that is now beginning to really irritate me. So, let's be super clear. I don't want to hear from you, period. If you continue to harass me this week you too will find your personal health and safety in jeopardy. Goodbye.

(Defs.' Mem. at 9 (sent May 16, 2022, at approximately 4:25 pm).) In addition to supplementing the record with details about the emails and voicemail underlying the Court's May 17 Order to Show Cause, Defendants' Memorandum asked the Court to impose monetary sanctions, refer Mr. Anderson to a disciplinary committee, and set a hearing on the Order to Show Cause. (*See id.* at 1–2, 16.)

Mr. Anderson failed to respond to the Court's May 17 Order to Show Cause. (*See generally* Docket.) Consequently, on May 26, 2022, the Court issued the May 26 Order to Show Cause, again requiring Mr. Anderson to show cause by June 9, 2022, why he should not be sanctioned for violating Local Rule 2.1(a)(3) and why he should not now be held in contempt for failing to respond to the Court's May 17 Order to Show Cause. (*See* May 26 OSC.)

On June 7, 2022, Plaintiffs submitted a Motion to Substitute Attorney, seeking the withdrawal of Mr. Anderson as counsel, (ECF No. 39), which the undersigned granted on June 9, 2022, thereby terminating Mr. Anderson and substituting Mandana Jafarinejad as Plaintiffs' counsel of record, (ECF No. 42.) On June 9, 2022, Mr. Anderson also submitted

a timely response to the Court's May 26 Order to Show Cause. (Anderson Resp.) In this Response, Mr. Anderson addressed his statements to Mr. Murphey and subsequent failure to respond to the Court's May 17 Order. (*See generally id.*) Mr. Anderson explained that he was "in a fever" and suffering from serious Covid symptoms when he sent Mr. Murphey the emails and voicemail that were later submitted to the Court. (*Id.* ¶ 15.) Mr. Anderson explained that he "did not intend that any statement [] be taken as a threat" and admitted that he was "wrong to say what [he] said 'off-the-cuff' and in pure frustration." (*Id.*)

Mr. Anderson also addressed his failure to respond to the Court's May 17 Order to Show Cause, explaining that he "did not note any of the [Order's] dates other than June 28, 2022," and "did not realize that the Court's OSC required a response at least until May 29." (*Id.* ¶¶ 17, 19; *see also* May 17 OSC (setting June 28, 2022 as the hearing date for "[a]ny motions arising from the parties' discovery dispute or behavior").) Mr. Anderson also explained that his ongoing Covid symptoms had seriously impacted his ability to handle his cases, including this matter. (*Id.* ¶ 19.)

Finally, Mr. Anderson offered an apology for his actions. First, Mr. Anderson apologized to the Court for his failure timely to respond to the May 17 Order to Show Cause. (*Id.* ¶ 21.) Mr. Anderson then apologized to the Court, the Parties, and counsel for his "own shortcomings," stating, "I profusely apologize to Mr. Murphey for losing my temper. I truly regret the experience[,] and I hope that he can find some understanding, acceptance, tolerance and forgiveness." (*Id.* ¶ 22.)

On June 14, 2022, Judge Schopler issued the June 14 Order discharging the May 17 and May 26 Orders to Show Cause "[i]n light of the plaintiff[s'] response and the substitution of counsel." (June 14 Order.) On June 28, 2022, Defendants timely objected to the June 14 Order to the extent that it discharged the Orders to Show Cause and declined to impose sanctions. (*See generally* Obj.)

/ / /

/ / /

/ / /

## LEGAL STANDARD

"A party may serve and file objections to [a magistrate judge's non-dispositive pretrial order] within 14 days after being served with a copy." *See* Fed. R. Civ. P. 72(a); *see also Bhan v. NME Hosps., Inc.*, 929 F. 2d 1404, 1414 (9th Cir. 1991) ("Nondispositive issues include discovery sanctions."). "The magistrate judge's order will be upheld unless it is 'clearly erroneous or contrary to law.'" *Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199 (S.D. Cal. 2003) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). Factual determinations and discretionary decisions are reviewed under the "clear error" standard, *see id.* at 1199–1200, while purely legal determinations are reviewed under the "contrary to law" standard, *see F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (quoting *Computer Economics, Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)).

A decision reviewed for clear error will be overturned "only if the district court is left with the definite and firm conviction that a mistake has been made." *Ctr. for Biological Diversity*, 290 F. Supp. 2d at 1199–1200 (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)). "This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters." *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Or. 2009) (citing *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002)), *aff'd*, 404 Fed. App'x 249 (9th Cir. 2010). The district court will, however, conduct an "independent review of purely legal determinations" to decide whether they are contrary to law. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (quoting *Computer Economics, Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (quoting *Calderon v. Experian Info. Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013); *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1111 (E.D. Cal. 2011)).

/ / /

**ANALYSIS**

Defendants object to Judge Schopler's June 14 Order discharging his prior Orders to Show Cause on the grounds that the decision was clearly erroneous and contrary to law.[2] (*See* Obj. at 7.) Upon a thorough review of the record, the Court finds that Judge Schopler's decision not to impose sanctions was neither clearly erroneous nor contrary to law.

### I. The June 14 Order is Not Clearly Erroneous

Defendants first argue that the June 14 Order is clearly erroneous "in light of the egregious conduct and litigation abuses by Mr. Anderson." (*See* Obj. at 11.) Defendants acknowledge that the power to sanction must be exercised with "restraint and discretion," (*see* Obj. at 9 (quoting *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989))), but assert that, because judges within this District "ha[ve previously] sanctioned other lawyers who have behaved similarly to Mr. Anderson," Judge Schopler clearly erred by declining to impose sanctions in this case, (*see* Obj. at 12 (discussing *Centeno v. City of Carlsbad*, No. 19-CV-2098-L (DEB), 2021 WL 2779576 (S.D. Cal. July 2, 2021))).

Defendants overlook that whether to impose sanctions is discretionary, *Avery Dennison Corp. v. Allendale Mut. Ins. Co.*, 310 F. 3d 1114, 1117–18 (9th Cir. 2002), and judges are not *required* to impose sanctions when an attorney violates the Code of Conduct set out in this District's Local Rules, *see* S.D. Cal. CivLR 2.1(a) ("This Code of Conduct is not intended to be a set of rule that lawyers can use to incite ancillary litigation, . . . but the Court *may* take any appropriate measure to address violations . . . ." (emphasis added)); S.D. Cal. CivLR 2.2(a) (describing appropriate measures such as sanctions, contempt proceedings, or referral to a disciplinary body). Further, Judge Schopler is not required to impose sanctions in this case simply because another judge in this District imposed

---

[2] Defendants argue that the Court should also review the issue de novo pursuant to 28 U.S.C. § 636(b)(1)(C). (*See* Obj. at 7). However, this standard only applies when a magistrate judge "submit[s] to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." 28 U.S.C. §§ 636(b)(1)(B)–(C). Here, Defendants did not file a motion, and Judge Schopler did not submit a Report and Recommendation. (*See generally* Docket.) Instead, Judge Schopler issued an Order discharging his prior Orders to Show Cause and, thus, review under Section 636(b)(1)(C) is inappropriate.

sanctions in a different case. Defendants rely on *Centeno* to support their argument that sanctions were necessary here, (*see* Obj. at 12–15), but *Centeno* is inapposite.

In *Centeno*, the court ordered plaintiff's counsel to show cause why he should not be sanctioned for making disparaging statements to and false statements about opposing counsel and impliedly threatening physical violence. *See* Order Imposing Sanctions on Genaro Lara, Esq. at 7, *Centeno v. City of Carlsbad*, No. 19-CV-2098-L (DEB) (S.D. Cal. filed July 2, 2021), ECF No. 149. In a written response and subsequent hearing, counsel reasserted the disparaging and false statements and "express[ed] no regret for anything." *Id.* The Honorable Daniel E. Butcher therefore found sanctions "necessary and appropriate" in that case. *Id.* at 9–12. Unlike counsel in *Centeno*, however, Mr. Anderson accepted responsibility for his actions, acknowledged that he was "wrong to say what [he] said," and expressed remorse. (*See* Anderson Resp. ¶¶ 15, 22.) Specifically, in response to Judge Schopler's Orders to Show Cause, Mr. Anderson "profusely apologize[d] to Mr. Murphey for losing [his] temper" and explained that he "truly regret[ted] the experience" and "hope[d] that [Mr. Murphey could] find some understanding, acceptance, tolerance and forgiveness." (*Id.*)

"The issue of whether counsel acted properly can best be decided by the magistrate who is on the spot." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1415 (9th Cir. 1991). Here, Judge Schopler determined in his sound discretion that sanctions were not necessary in light of Mr. Anderson's Response. Having reviewed the record, this Court is not left with the definite and firm conviction that Judge Schopler was mistaken in declining to impose sanctions here. The Court therefore concludes the June 14 Order was not clearly erroneous.

## II.     The June 14 Order is Not Contrary to Law

Defendants next argue that the June 14 Order is contrary to law because it "failed to apply the relevant law relating to the imposition of sanctions, by declining to consider the merits of the sanctions motion simply because Mr. Anderson withdrew as counsel of record from the litigation." (Obj. at 11.) Magistrate judge decisions regarding discovery sanctions are generally reviewed for clear error and are not subject to the contrary to law standard of

review. *See e.g., Bhan*, 929 F. 2d at 1414; *see also McAdam v. State Nat'l Ins. Co.*, 15 F. Supp. 3d 1009, 1013 (S.D. Cal. 2014) (reviewing discretionary decisions for clear error); *Avery Dennison Corp.*, 310 F. 3d at 1117–18 (explaining that sanctions are discretionary). In this case, the contrary to law standard does not apply because Defendants do not identify any "statutes, case law, or rules of procedure" that Judge Schopler ignored or misapplied. *See Perez*, 519 F. Supp. 3d at 722.

Defendants' argument also fails because it misrepresents the record. First, despite Defendants' assertion that Judge Schopler "declin[ed] to consider the merits of the sanctions motion," the record reveals that Defendants never filed such a motion. (*Compare* Obj. at 11, *with* Docket.) Judge Schopler's May 17 Order to Show Cause required "[a]ny motions arising from the parties' discovery disputes or behavior [to] be filed by May 31, 2022." (*See* May 17 OSC). Defendants failed to file a motion for sanctions within that time. (*See generally* Docket.) Instead, Defendants filed a "Memorandum of Points and Authorities" in response to the Order to Show Cause issued to Plaintiffs' counsel. (*See* Defs.' Mem.); *see also* Fed. R. Civ. Pro. 7(b) ("A request for a court order must be made by motion."); Fed. R. Civ. Pro. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . ."). Therefore, Judge Schopler did not have a sanctions motion before him when he issued the June 14 Order discharging the Orders to Show Cause. (*See generally* Docket). Defendants fail to identify any law that requires a magistrate judge to consider a party's ancillary request in an unsolicited memorandum when determining whether to discharge an order to show cause issued to the opposing party. (*See generally* Obj.)

Second, Defendants' argument ignores the language of the June 14 Order, asserting that Judge Schopler discharged the Orders to Show Cause "simply because Mr. Anderson withdrew as counsel," (*see* Obj. at 11), when in fact the Order explicitly states that the decision was also based on Mr. Anderson's Response, (*see* June 14 Order). It is proper for a court to consider a party's response to an order to show cause when determining whether to discharge that order. *See e.g., Trunk v. City of San Diego*, 547 F. Supp. 2d 1144, 1148

(S.D. Cal. 2007).  Additionally, although judges retain the power to sanction attorneys after they have withdrawn as counsel, *Holgate v. Baldwin,* 425 F.3d 671, 675 (9th Cir. 2005), Defendants fail to identify any law that prohibits a judge from acknowledging an attorney's withdrawal as a factor when deciding not to impose sanctions.

Ultimately, there is no evidence that Judge Schopler failed to apply or misapplied the law when he discharged his Orders to Show Cause and declined to impose sanctions on Mr. Anderson.  Therefore, the June 14 Order was not contrary to law.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Defendants' Objection (ECF No. 47) to Judge Schopler's June 14 Order (ECF No. 44).

**IT IS SO ORDERED**.

Dated:  November 7, 2022

_____
Honorable Todd W. Robinson
United States District Judge